UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GAIL WASHBISH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:23-cv-03013 |
| v. | : | |
| | : | |
| INTERNATIONAL BUSINESS | : | |
| MACHINES CORPORATION, | : | |
| | : | |
| Defendant. | : | July 13, 2023 |

**<u>PLAINTIFF'S OPPOSITION TO IBM'S MOTION TO PERMANENTLY SEAL</u>**

## I.  INTRODUCTION

IBM has filed a motion to permanently seal exhibits filed in connection with this underlying action.  Plaintiff Gail Washbish has moved to vacate an arbitration award obtained in her arbitration case against International Business Machines Corporation ("IBM") for age discrimination in violation of the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 621 *et seq.* claim.  Plaintiff's vacatur action is statutorily allowed by the Federal Arbitration Act ("FAA"), 29 U.S.C. § 1, *et seq.* and has been fully briefed by the parties.  Moreover, as another district court has recognized in the context of denying a nearly identical motion to seal "IBM's argument is undercut at the outset by the specific language of the operative arbitration provision at issue in this case. Here, the arbitration agreement *specifically provides* that the confidential arbitration materials 'shall not be disclosed' '*except as may be necessary in connection with ... a judicial challenge to an award or its enforcement, or unless otherwise required by law ...*'" Laudig v. Int'l Bus. Machines Corp., No. 1:21-CV-5033-AT, 2022 WL 18232706, at *5 (N.D. Ga. Dec. 16, 2022) (emphasis in original).  In connection with her motion to vacate, it was necessary for her to submit documents from the underlying arbitration action as evidence in support of her vacatur request.  And as IBM acknowledges in its motion to permanently seal these documents, numerous courts, including several in this district, have rejected the argument that arbitral documents from IBM must remain under seal due to a confidentiality provision in an arbitration agreement.   See Dkt. 30 at pp. 5-6 (collecting cases).  The material should be unsealed

1

pursuant to the common law and First Amendment right of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006); Chicago Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001).

Accordingly, Plaintiff respectfully asserts that this Court should follow this well-reasoned weight of authority and reject IBM's motion to seal.

## II. ARGUMENT

**A. Courts Routinely Hold That Arbitral Documents Are Subject to the Presumption of Public Access.**

It is "well settled" that an arbitration award at the heart of a vacatur or confirmation proceeding is a judicial document subject to the presumption of public access. Clearwater Ins. Co. v. Granite State Ins. Co., 2015 WL 500184, at *3 (S.D.N.Y. Feb. 5, 2015); Global Reins. Corp. v. Argonaut Ins. Co., No. 07- cv-8196, 2008 U.S. Dist. LEXIS 32419, *4 (S.D.N.Y. Apr. 18, 2008) (explaining that an arbitration award filed with a petition to confirm that award was "at the heart of what the Court is asked to act upon" and a judicial document to which the presumption of access applies); Nowak v. Pa. Profl Soccer, LLC, No. 12-cv-4165, 2015 U.S. Dist. LEXIS 163307 (E.D. Pa. Dec. 3, 2015); Laudig v. Int'l Bus. Machines Corp., No. 1:21-CV-5033-AT, 2022 WL 18232706, at *5 (N.D. Ga. Dec. 16, 2022) ("numerous courts assessing this issue have found that the parties' agreement to submit to confidential arbitration does not — in and of itself — constitute good cause to seal arbitration materials in a subsequent federal action.") (collecting cases).  The "weighty interest in public access [also] applies with full force to documents filed in connection with a motion to confirm an arbitration award."

2

Redeemer Comm. of Highland Credit Strategies Funds v. Highland Capital Mgmt., L.P., 182 F. Supp. 3d 128, 133 (S.D.N.Y. 2016).  This is not a close case.  IBM's motion to seal should be denied.

    **B. The Mere Application of The Federal Arbitration Act Does Not Serve to Satisfy IBM's Burden to Establish Good Cause for Sealing.**

IBM argues that it is appropriate to keep the Petition, Motion, and Exhibits redacted and under seal because the parties' arbitration agreement includes a confidentiality provision, meaning that IBM necessarily has "good cause" to seal these documents. IBM apparently believes that arbitral confidentiality is inviolable whenever the Federal Arbitration Act ("FAA") is implicated. But the question here is about public access to federal court filings – not about whether the arbitration clause's confidentiality provision is enforceable. Indeed, it is well-recognized that documents that may be confidential in arbitration may not remain confidential once they become part of a court record. See, e.g., Stafford v. Int'l Bus. Machines Corp., No. 21-CV-6164 (JPO), 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022)[1] (denying IBM's motion to maintain arbitration award under seal based on the same confidentiality provision at issue here; "[w]hile the enforcement of contracts is an important role of the courts, 'it does not constitute a higher value that would outweigh the presumption of public access to judicial documents.'") (quoting Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co., No. 12 Civ. 3274, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012)); see also Jackson v. Sleek Audio, LLC, No. 13-80725-CIV, 2013 WL 12384284, at *2 (S.D. Fla.

---

[1]     Stafford is pending on appeal to the Second Circuit.  See Appeal No. 22-1240.

Oct. 8, 2013) (finding "contractual confidentiality provision is no longer controlling" where a party moved to challenge an arbitration award in court); Fed. Nat. Mortg. Ass'n v. Prowant, 269 F. Supp. 3d 1290, 1293 (N.D. Ga. 2015) (denying motion to seal in case involving confidential arbitral materials; "Party agreement alone does not supply an interest in confidentiality sufficient to outweigh the public's right to access to the material upon which a public decision on the merits is founded."); see also Lohnn v. Int'l Bus. Machines Corp., No. 21-CV-6379 (LJL), 2022 WL 36420, at *14 (S.D.N.Y. Jan. 4, 2022), appeal withdrawn, No. 22-32, 2022 WL 18232089 (2d Cir. July 25, 2022) ("But the confidentiality agreement itself recognizes that the interest in confidentiality is not absolute; disclosure is permitted when necessary to confirm or challenge an award.").

    IBM insists that confidentiality is a fundamental attribute of arbitration, such that anything less than absolute adherence to the confidentiality provision in the Parties' contract would undermine the FAA and the strong federal policy in favor of arbitration. See ECF No. 30 at pp. 4-5. There are several problems with this argument. First, that argument would depend on IBM's confidentiality provision having no exceptions. Thus, even strict adherence to the contractual confidentiality provision case does not dictate that the documents in question warrant sealing if the court finds an exception applies. Second, confidentiality is *not* a necessary or inherent part of arbitration, and not all parties require arbitration to be confidential.[2] Thus, it is simply not correct to suggest

---

[2]     See Amy J. Schmitz, Untangling the Privacy Paradox in Arbitration, 54 U. Kan. L. Rev. 1211 (2006) ("United States law does not guarantee [] secrecy of arbitration information, and institutional rules parties incorporate in their arbitration agreements generally do not provide broad confidentiality protections.").

4

that the public filing of arbitration materials runs afoul of the FAA. Finally, and most importantly, as the cases cited infra make clear, arbitral confidentiality is *not* absolute and will give way to the public's right of access absent good cause. There are *numerous* other confidential arbitrations that have unsealed filings, evidence, and awards because good cause existed for public access to the documents.[3] As another federal court

---

[3]   See Lugosch, 435 F.3d at 126 ("[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable."); Grynberg v. BP P.L.C., 205 F. Supp. 3d 1, 2 (D.D.C. 2016) (denying motion to seal arbitration award, arbitration complaints, and transcript of arbitration, etc.); Dentons US LLP v. Zhang, 2021 WL 2187289, at *1 (S.D.N.Y. May 28, 2021) ("Petitioner contends that sealing is appropriate because the parties agreed to file under seal any papers associated with an arbitration proceeding. Confidentiality agreements alone are not an adequate basis for sealing, however." (citing cases)); CAA Sports LLC. v. Dogra, No. 4:18-CV-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018) (refusing to seal confidential arbitration award) (collecting cases); In re Gen. Motors LLC Ignition Switch Litig., 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015); Amerisure Mut. Ins. Co. v. Everest Reinsurance Co., No. 14-CV-13060, 2014 WL 5481107, at *3 (E.D. Mich. Oct. 29, 2014) (substantive rulings in final arbitration award would not be filed under seal); Century Indem. Co. v. AXA Belgium, 2012 WL 4354816, at *14 (S.D.N.Y. Sept. 24, 2012) ("While a confidentiality agreement "may be binding on the parties, ... it is not binding upon the Court."); Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd, No. 14-CV-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) ("Although some portions of the arbitration awards contain information that might be properly sealed, including pricing terms, royalty rates, and any guaranteed minimum payment terms, the documents in their entirety are not sealable…The fact that parties agreed to the confidentiality of certain documents, however, does not alone constitute a compelling reason to seal them."); Utica Mutual Insurance Company v. INA Reinsurance Company, 2012 WL 13028279 (N.D.N.Y. June 12, 2012) ("The law grants a presumption of public access to judicial documents . . . and the confidentiality order in the arbitration does not entitle Utica to '... transfer the privileges of [its] private arbitration to a public judicial forum.'"); Zimmer, Inc. v. Scott, No. 10 C 3170, 2010 WL 3004237, at *3 (N.D. Ill. July 28, 2010) (refusing to maintain arbitration award under seal); Sony Ericsson Mobile Communications AB v. Delta Electronics Public Company Ltd., 2009 WL 959639 at *2 (S.D.N.Y. 2009) ("[t]he fact that arbitral proceedings in this case may have been confidential under the arbitral rules or the arbitration clause at issue does not necessitate that they be kept confidential in these proceedings."); Global Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co., 2008 WL 1805459 at *2 (S.D.N.Y. 2008)

recently found in (yet another) age discrimination case against IBM, "[i]t is black-letter law—not disputed by Defendant [IBM]—that the fact that information exchanged between private parties is subject to a confidentiality agreement that binds them is ***not itself sufficient*** to deprive the public of the right of access to that information when it is properly filed in support of a motion asking the Court to take dispositive judicial action on a matter properly before that Court." <u>Lohnn v. Int'l Bus. Machines Corp.</u>, 2022 WL 36420, at *13 (emphasis added). Indeed, as a matter of common sense, it is odd for IBM to take the position that the FAA somehow trumps rights grounded in the First Amendment of the United States Constitution. IBM's argument is especially untenable given the Supreme Court's recent holding that arbitration agreements are not to be held on a pedestal – as IBM argues – but rather, they are to be treated the same as other contracts. <u>See</u> <u>Morgan v. Sundance, Inc.</u>, 212 L. Ed. 2d 753, 142 S. Ct. 1708, 1713 (2022) ("a court must hold a party to its arbitration contract just as the court would to any other kind. But a court may not devise novel rules to favor arbitration over litigation.").  Of course, district courts nationwide routinely find that documents that are labeled "confidential" or subject to private confidentiality agreements (whether embedded in an arbitration agreement or otherwise) must be made available to the public, and that the mere existence of a confidentiality agreement is not sufficient cause to keep documents under seal.  <u>See</u>, e.g., <u>Prater v. Com. Equities Mgmt. Co.</u>, No. CIV.A. H-07-2349, 2008 WL 5140045, at *10 (S.D. Tex. Dec. 8, 2008) (denying a

---

(granting respondent's motion to reconsider its earlier sealing order and unsealing the final arbitration award in a proceeding to confirm where the petitioner had failed to demonstrate why the presumption of access should be overcome).

motion to seal a settlement agreement containing a confidentiality provision).  In sum, the mere fact that the Parties' arbitration agreement contains a confidentiality provision is not a sufficient basis to seal Petitioner Washbish's Petition, Motion, and supporting Exhibits.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asserts that the Court should deny IBM's motion to permanently seal.

Dated: July 13, 2023

                              Respectfully submitted,

                              GAIL A. WASHBISH,

                              By her attorneys,

                              <u>/s/ Shannon Liss-Riordan</u>
                              Shannon Liss-Riordan (NY Bar No. 2971927)
                              Zachary Rubin (NY Bar No. 5442025)
                              LICHTEN & LISS-RIORDAN, P.C.
                              729 Boylston Street, Suite 2000
                              Boston, MA 02116
                              (617) 994-5800
                              Email: sliss@llrlaw.com, zrubin@llrlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2023, I caused a true and correct copy of the foregoing to be electronically mailed to Defendant's counsel of record via the Court's CM/ECF system.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan